IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERATED LIFE INSURANCE
COMPANY,

          Interpleader-Plaintiff,

v.

DAMON JOANIS; and ELIZABETH PABEL,
as Personal Representative for the Estate of
Elenya Herring,

          Defendants.

Case No. C23-1726RSM

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR JUDGMENT IN
INTERPLEADER

## I. INTRODUCTION

This matter involves a dispute over the payment of life insurance proceeds. It comes before the Court on Plaintiff Federated Life Insurance Company ("Federated")'s Motion for Judgment in Interpleader. Dkt. #28. Elizabeth Paben, as Personal Representative of the Estate of Elenya Herring ("the Estate"), and Damon Joanis (collectively "Defendants") oppose the Motion. Dkts. #31 and #34. The Court has determined that it can rule on the Motion without the need for oral argument. For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART Federated's Motion.

## II. BACKGROUND

Defendant Damon Joanis and insured Derik Herring were business partners in a venture called Joanis Mechanical LLC. Dkt. #28 at 2. In September of 2020, Mr. Herring

ORDER– 1

applied for life insurance, listing him as the insured, policy owner, and payor.  *See* Dkt. #6-1 at 19-26.  Mr. Joanis was named as the policy beneficiary.  *Id.* at 21.  In addition, the application included the tax identification number ("TIN") for Joanis Mechanical LLC as the employer owner or payor.  *Id*. at 19.  Prior to policy delivery, Mr. Herring requested the policy ownership be changed from himself to Mr. Joanis.  Dkt. #28 at 2.  Federated issued and delivered a Flexible Premium Adjustable Life Insurance Policy (#341924) ("the policy") on the life of Derik Herring, with an effective date of November 19, 2020.  *See* Dkt. #6-1.  The policy provided $1,000,000 in the event of Mr. Herring's death.  *Id*. at 4.  The policy owner was listed as Damon Jay Joanis, Relationship: Co-Member.  *Id*.  All premiums received on the policy were paid out of a business account owned by Joanis Mechanical LLC. Dkt. #19, ¶ 3.13.

Mr. Herring passed away on October 15, 2022.  Dkt. #6 at 4.  Consequently, his surviving spouse, Elenya Herring, was appointed the personal representative of Mr. Herring's Estate. Dkt. #28 at 2.  On January 24, 2023, Mr. Joanis submitted a claim form to Federated, seeking the proceeds under the policy as the named beneficiary.  Dkt. #28 at 4.  However, the policy provided that, if Mr. Herring died within two years of the effective date, Federated had the right to conduct a Contestability Review.  *See* Dkt. #6-1 at 10.  Despite information and documents obtained during said Contestability Review causing concern regarding the truthfulness of some of Mr. Herring's statements in his application, ultimately there was not enough evidence to demonstrate his statements were not substantially true, and Federated agreed to pay the proceeds owed under the policy, plus interest.  Dkt. #26 at 2.

Nevertheless, on April 23, 2023, while the Contestability Review was still under way, Federated received a competing claim from Mr. Herring's wife, Elenya Herring, which,

ORDER– 2

through her legal counsel, stated that "some or all of [the] policy's death benefit may be owed to [Ms. Herring] as the surviving spouse of [Mr. Herring], rather than to [Mr. Joanis]." Dkt. #26-1. One of the arguments her counsel posited was that Mr. Herring was the payor under the policy, and if the associated premiums were paid from community funds, then the policy belonged to the Herrings' marital community. *Id*. Her counsel further asserted that Mr. Herring failed to designate Ms. Herring as a beneficiary, and that he did not get her consent before procuring the policy. *Id*. After that, on May 1, 2023, Ms. Herring's counsel threatened to sue Federated if it moved forward with disbursing the policy benefits to Mr. Joanis, citing Washington legal authority, specifically the Trust and Estates Dispute Resolution Act ("TEDRA").

Due to the threat of litigation that these competing claims represented, Federated filed its First Amended Complaint ("the complaint") for Interpleader on December 11, 2023, requesting to deposit the policy proceeds with the Court's registry and to be dismissed with prejudice from this action. Dkt. #1 at 6. On March 20, 2024, Mr. Joanis answered the complaint and asserted counterclaims for declaratory judgment, estoppel, breach of contract, violation of Federated's duty of good faith, negligent claims handling, violation of the Consumer Protection Act ("CPA"), RCW 19.86.090, and violation of the Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015. *See* Dkt. #19 at 16-20. Later, on June 10, 2024, Elizabeth Paben, as personal representative for the Estate of Elenya Herring, also answered the complaint and asserted counterclaims for declaratory judgment, breach of contract, violation of Federated's duty of good faith, negligent claims handling, and violation of the CPA, RCW 19.86.090. *See* Dkt. #30 at 11-14.

ORDER– 3

1
2
3
4

Federated now seeks to deposit the policy proceeds into the Court's registry and asks the Court to dismiss the counterclaims against it with prejudice. Dkt. #28 at 9. Defendants oppose Federated's Motion. Dkts. #31 and #34. The Court now considers the Motion.

5

### III.   ANALYSIS

6
7

#### a.   Legal Standard

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

An interpleader action is a "pragmatic" remedy designed to allow a stakeholder to shield itself from "the vexation and expense of resisting adverse claims." *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012) (quoting *N.Y. Life Ins. Co. v. Welch*, 297 F.2d 787, 790 (D.C. Cir. 1961)). In a typical interpleader action, the stakeholder of a sum of money sues all those who might have a claim to the money, deposits the money in the Court's registry, and lets the claimants determine who is entitled to the money. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1265 (9th Cir. 1992). Under Federal Rule of Civil Procedure 22, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). The Ninth Circuit has determined that "[i]nterpleader is proper when a stakeholder has at least a good faith belief that there are conflicting colorable claims." *Michelman*, 685 F.3d at 889. "There are two steps to an interpleader action. The first is determining whether the requirements of interpleader have been met." *Lincoln National Life Insurance Company v. Ridgway*, 291 F. Supp. 3d, 1254, 1260 (W.D. Wash. 2018) (quoting *Hartford Life Ins. Co. v. Banks*, 2011 WL 3609396 at *5 (S.D. Cal. 2011)). "The second step is to 'adjudicat[e] the adverse claims of the defendant claimants.'" *Id*. (quoting *Western Conf. of Teamsters Pension Plan v. Jennings*, 2011 WL 2609858 at *5 (N.D. Cal. 2011)). Further, it is important to note that unlike statutory interpleader under 28 U.S.C. § 1335, Rule 22

ORDER– 4

interpleader requires an independent source of federal jurisdiction, such as diversity of citizenship or from a claim arising under federal question jurisdiction. *Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982) (citing *St. Louis Trust Co. v. Stone*, 570 F.2d 833, 835 (8th Cir. 1978)). "For [Rule 22 interpleader] predicated on diversity jurisdiction, there must be diversity between the stakeholder on one hand and the claimants on the other." *Gelfgren*, 680 F.2d at 81 n.1.

Once an interpleader action has commenced, the district court may dismiss the stakeholder from the case and enjoin the claimants from separately suing the stakeholder over the same policy benefits. 28 U.S.C. § 2361. *See, e.g., N.Y. Life Ins. Co. v. Bostwick*, 2015 WL 4484305, at *2 (W.D. Wash. 2015). "Discharge [of an interpleader] is normally granted absent bad faith by the stakeholder." *Jennings*, 2011 WL 2609858 at *5. However, a district court "may delay or deny discharge of the stakeholder if there are 'serious charges that the stakeholder commenced the action in bad faith.'" *Ridgway*, 293 F. Supp. 3d at 1260 (quoting *Mendez v. Teachers Ins. & Annuity Assoc.*, 982 F.2d 783, 788 (2nd Cir. 1992)). The Ninth Circuit has clarified that the "threshold to establish good faith is necessarily low as not to conflict with interpleader's pragmatic purpose, which is 'for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund.'" *Michelman*, 685 F.3d at 894 (quoting *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th. Cir. 2010)).

### b. Interpleader

Federated filed its Motion for Judgment in Interpleader based on 28 U.S.C. § 1332 diversity jurisdiction. Dkt. #28 at 6. Federated is a corporation organized under the laws of the state of Minnesota, with its principal place of business in that state. Dkt. #6 at 1. Thus, Federated is a citizen of Minnesota. Further, it is undisputed that defendant Damon Joanis is

ORDER– 5

a citizen of Washington state, and that during her lifetime, Elenya Herring was also a citizen

of Washington state.  *Id*.  at 1-2.  Thus, diversity of citizenship exists between the stakeholder

and the claimants.  Additionally, the life insurance benefits at issue far exceed $75,000, thus

satisfying the amount in controversy requirement under § 1332.  Accordingly, the Court finds

that it has diversity jurisdiction over the Rule 22 interpleader action.

In addition, at the time of the filing, Federated argues that it had a "good faith belief"

that it was confronted with competing claims to the policy funds.  Dkt. #28 at 7.  The Court

agrees.  Mr. Joanis was listed by Mr. Herring as the beneficiary under the policy and

submitted a claim seeking the proceeds under the same.  Dkt. #28 at 4.  Later, Ms. Herring's

counsel notified Federated that Ms. Herring believed she was entitled to the same proceeds

claimed by Mr. Joanis under a theory of marital property and related Washington authority.

*Id*.  In addition, both claimants threatened Federated with a lawsuit to prevent disbursement

of the funds to the other.  Thus, the Court finds that Federated had a reasonable concern of

exposure to multiple lawsuits.  Accordingly, the Court grants Federated's request to deposit

the policy proceeds into the Court's registry.

### c.  Discharge of Stakeholder

Federated asks the Court to dismiss the counterclaims against it with prejudice.  Dkt.

#28 at 9.   In its discretion, a district court may discharge or dismiss a disinterested

stakeholder from an interpleader action.  *See Premera Blue Cross v. Winz*, 2017 WL

6451802, at *2 (W.D. Wash. 2018) ("Once adverse parties are interpleaded to a single fund,

disinterested stakeholders may be dismissed . . . ." (quoting *Bostwick*, 2015 WL 4484305, at

*2).  However, the Court declines to discharge Federated entirely.  Doing so "would extend

the protections of an interpleader action beyond its permissible limits."   *Michelman v.*

ORDER– 6

*Lincoln Nat'l Life Ins. Co.*, 2010 WL 3212008, at \*4 (W.D. Wash. 2010), *aff'd*, 685 F.3d

887.  The *Michelman* court explained:

> The interpleader procedure is designed to relieve insurers of the risks associated with determining which claimant has a better claim. In order to retain the efficacy of this procedure, any cause of action that would punish the insurer for initiating the interpleader instead of choosing between the claimants should be dismissed. *The Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 265 (3d Cir. 2009). Similarly, if a cause of action seeks recovery from the stake—in this case the insurance proceeds—the action should be dismissed after the funds are placed in the registry of the Court. *Id*., 553 F.3d at 264 ("Thus, the normal rule is that interpleader protection does not extend to counterclaims that are not claims to the interpleaded funds.").

*Id*.

Here, Defendants assert counterclaims against Federated that are not predicated on

Federated's ultimate decision to initiate the interpleader action rather than choosing between

the claimants.  Specifically, these counterclaims include violations of the CPA and the IFCA.

These claims are based on Federated's alleged failure to comply with Washington claims

handling statutes and regulations.  *See* Dkts. #19 at 19-20 and #30 at 13-14.  On the one

hand, Mr. Joanis alleges that its CPA and IFCA counterclaims are premised on: (1)

Federated's representation that Mr. Joanis owned the policy and was entitled to its proceeds

in full; and (2) Federated's delay in issuing a coverage decision before receiving any claim

from Ms. Herring.  Dkt. #34 at 13.  On the other hand, the Estate alleges that its CPA

counterclaim is premised on Federated's lack of an investigation into the Herrings' marital

community as it related to the issuance of the policy.  Dkt. #31 at 8.  Importantly, these

claims were independently actionable at the time that Federated filed its complaint for

interpleader, and their intent is not to recover from the policy proceeds themselves.  Based on

ORDER– 7

1
2
3

this, the Court declines to dismiss these counterclaims at this time[1] and consequently, also

declines to discharge Federated from this litigation.

4

However, Defendants' remaining counterclaims are "of a different kind." *See*

5

*Michelman*, 2010 WL 3122008, at *5. Defendants' counterclaims of estoppel, breach of

6
7

contract, and violation of duty of good faith are premised on Federated's decision to initiate

8

the interpleader action rather than choosing between the claimants. In addition, these

9

remaining counterclaims necessarily extend to the interplead funds themselves. The Court

10
11

has already acknowledged that Federated acted reasonably when it refused to disburse the

12

policy proceeds to either claimant, as it would have risked incurring multiple liabilities. *See*

13

*Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 981 (9th Cir. 1999) ("In light of Minnesota

14
15

Life's good faith belief that it faced the possibility of multiple claims, it did not act

16

unreasonable in failing to pay out [the interplead defendant's] claim."). Accordingly, the

17

Court now dismisses Defendants' remaining counterclaims. "To hold otherwise would

18
19

vitiate the interpleader procedure." *Michelman*, 2010 WL 3122008, at *5. The Court will

20

address Defendants' negligent claims handling counterclaims separately.

21

Federated argues that Defendants' negligent claims handling counterclaims are

22
23

chiefly premised on Federated's failure to choose between the competing claims. Dkt. #37 at

24

9. The Court agrees. The Estate alleges that Federated's delay in handling the claim resulted

25

in the "loss of and/or withholding of funds that were rightfully [part of the marital

26
27

community]." Dkt. #30, ¶ 3.16. This argument necessarily extends to the policy proceeds at

28

stake. Similarly, Mr. Joanis alleges that Federated's handling of the claim prevented prompt

29

30

---

[1] In its Reply memoranda, Dkts. #23, #37 and #42, Federated makes several assertions as to why Defendants' counterclaims should be dismissed with prejudice. If Plaintiff seeks the dismissal of these counterclaims on this or some other basis, it must file an appropriate motion.

ORDER– 8

payment, focusing mainly on the Contestability Review as the primary obstacle.  Dkt. #19 at 8-9.   Besides the fact this this argument necessarily gets at the interpled funds, it is undisputed that Federated was within its rights to conduct a Contestability Review given that Mr. Herring had died within two years of the policy's effective date.  *See* Dkt. #6-1 at 10.  Accordingly, the Court now dismisses Defendants' negligent claims handling counterclaims as recharacterizations of Federated's alleged failure to choose between the claimants.

### d.  Injunction

Federated also requests to be discharged from all further liability in any way related to the competing claims or the policy.  Dkt. #6 at 6.  At the outset, it is important to note that unlike statutory interpleader under 28 U.S.C. § 2361, Rule 22 interpleader does not explicitly authorize district courts to enjoin parties from pursuing further claims in state or federal court regarding the interplead funds at issue.  *See Pruco Life Ins. Co. v. Tan*, 2020 WL 2574662, at *5 (N.D. Cal. 2020).   Nevertheless, district courts have used the All Writs Act to "issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).   Thus, a district court may enjoin defendants in a Rule 22 interpleader action from bringing future proceedings regarding the same claim in federal court.  *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 879 (5th Cir. 1998); *Trustees of ILWU-PMA Pension Plan v. Coates*, 2013 WL 556800, at *7 (N.D. Cal. 2013).   This is because relitigation of those issues "would be judicially wasteful and raise the possibility of inconsistent results. It would also defeat the purpose of the [plaintiff's] interpleader action."  *Trustees of ILWU-PMA Pension Plan v. Peters*, 660 F. Supp. 2d 1118, 1145 (N.D. Cal. 2009).

ORDER– 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

In addition, district courts have held that injunctions issued pursuant to the All Writs Act may be used to enjoin litigants from relitigating the same issues or claims before state courts. *Coates*, 2013 WL 556800, at *7. Further, although the Anti-Injunction Act, 28 U.S.C. § 2283, "limits the ability of federal courts to enjoin state court proceedings," a carve-out has been recognized for injunctions that are "necessary in aid of [the court's] jurisdiction, or to protect or effectuate its judgment." *Peters*, 660 F. Supp. 2d at 1144 (*citing Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988)); *see also Gen. Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 707 (7th Cir. 1991). ("A federal court presiding over an interpleader action may stay pending state court proceedings involving the same interpled fund under the 'necessary in aid of its jurisdiction' exception to the Anti-Injunction Act."). This exception is referred to as the "relitigation exception."

A party seeking an injunction against relitigation must make a showing of serious and irreparable harm. *Peters*, 660 F. Supp. 2d at 1145 (citing *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 506 (1959)). "This standard is usually met . . . where there is a likelihood of costly and judicially wasteful relitigation of claims and issues that were already adjudicated in federal court." *Id*. (citing *Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 721 (5th Cir. 1990); *Aristud-Gonzalez v. Gov't Dev. Bank for Puerto Rico*, 501 F.3d 24, 27 (1st Cir. 2007) ("Injunctive relief incident to an interpleader action is also common – the whole purpose being to avoid inconsistent results in separate lawsuits.")).

Here, Federated would suffer serious and irreparable harm if faced with competing claims to the policy proceeds in a separate court or after the court has adjudicated this action. As the Court has already acknowledged, Federated is a disinterested party seeking to pay the proper claimant. Relitigation of the competing claims at issue in a different court would

ORDER– 10

defeat the purpose of this interpleader action and result in judicial waste. *See Pruco Life*, 2020 WL 2574662, at \*5 (citing *Peters*, 660 F. Supp. 2d at 1145).  Accordingly, the Court grants Federated's request to be discharged from all further liability related to the competing claims or the policy and enjoins Defendants from pursuing any other action in state or federal court regarding the same.

## IV. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that:

1. Federated Life Insurance Company's Motion for Judgment in Interpleader, Dkt. #28, is GRANTED IN PART and DENIED IN PART.

2. Pursuant to Federal Rule of Civil Procedure 67 and LCR 67, Federated is DIRECTED to deposit $500,000.00, along with appropriate interest, into the treasury of this Court.

3. The Clerk is DIRECTED to deposit these funds into the Court Registry.  The funds are to be deposited into the Court Registry investment System as Disputed Ownership Funds (DOF) interpleader funds under Rule 22.

4. The Court DISMISSES Defendants' counterclaims of estoppel, breach of contract, negligent claims handling, and violation of duty of good faith.  The Court GRANTS Federated's request for injunctive relief as it relates to those counterclaims.

5. The Court DENIES Federated's request for discharge pending the resolution of Defendant's CPA and IFCA counterclaims.

6. This case remains OPEN pending its resolution.

ORDER– 11

1

DATED this 20th day of August, 2024.

2

3

4

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

ORDER– 12